NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANJIT SINGH, AKA Ranjit Singh Kaur, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 19-71733 Agency No. A215-553-474 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 19, 2022**

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Ranjit Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo claims of due process violations in immigration proceedings. *Lopez-Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the adverse credibility determination based on an inconsistency between Singh's application and testimony as to where farmers took him after the second attack, Singh's admission that he misrepresented to the IJ when he spoke to his sponsor by phone, and a lack of corroborating evidence. *See Shrestha*, 590 F.3d. at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *see also Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (agency was "permitted to afford substantial weight to inconsistencies that bear directly on [petitioner]'s claim of persecution" (internal quotation marks and citation omitted)); *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story."). Singh's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Singh's asylum and withholding

19-71733

of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the denial of Singh's CAT claim because it was based on the same testimony found not credible, and Singh does not point to any other record evidence that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to India. *See Shrestha*, 590 F.3d at 1048-49.

The BIA did not err in concluding the IJ did not violate Singh's right to due process by denying him a continuance and an opportunity to submit corroborating evidence. *See Lata*, 204 F.3d at 1246 (requiring error to prevail on a due process claim); *see also Rodriguez-Ramirez*, 11 F.4th at 1094 ("[T]he IJ was not required to give [petitioner] notice and an opportunity to provide additional corroborating evidence because substantial evidence supports the adverse credibility determination" (internal quotation marks and citation omitted)).

The motion for a stay of removal (Docket Entry No. 1) is denied as moot. The temporary stay of removal is terminated.

**PETITION FOR REVIEW DENIED.**